In the Matter of JOHN MARX, an Attorney, Respondent.

First Department, June 10, 1938.

*Einar Chrystie*, for the petitioner.

*Harold S. Okin*, for the respondent.

PER CURIAM. In an action brought by the respondent in behalf of one Mrs. Schulze the respondent became entitled, by agreement with his client, to fifty per cent of the amount recovered. He retained one Emile Z. Berman to act as trial counsel in the action and agreed to pay him twenty-five per cent of the amount recovered and his disbursements. The action was settled during the trial for $3,500, and a check for that amount was given to Mr. Berman. A statement of account was had between the respondent and Mr. Berman whereby it was agreed that the latter was entitled to receive the sum of $896.75 and, in addition, checks for $50 in

payment of the fees of two physicians. The respondent obtained from Mr. Berman the $3,500 check in exchange for the respondent's check to Mr. Berman's order for $896.75 and his promise to send additional checks for $50. After thus receiving the $3,500 check from Berman, the respondent deposited it in his account, stopped payment of the $896.75 check to Mr. Berman's order and applied to his own use the amount due Mr. Berman and also a portion of the amount due to his client. The respondent subsequently paid his client the amount to which she was entitled, but failed and refused to make any payment to Berman until after the hearings before the referee herein were completed, when he submitted an affidavit that the matter had been compromised and adjusted with Mr. Berman.

On the hearings before the referee the respondent falsely testified that payment of the check had been stopped because of the fact that it was ascertained that the hospital bills payable by his client exceeded the amount for which Mr. Berman had stated they could be settled, and that he was at all times financially able to satisfy Mr. Berman's claim. The respondent deliberately obtained the check by false and fraudulent representations for the purpose of applying to his own use the portion to which Mr. Berman was entitled and was thereafter financially unable to satisfy his claim.

The referee has summarized the entire matter in the following statement: " The attitude and demeanor of the respondent, his reckless statements and deliberate and unnecessary use of moneys that did not belong to him, his vain attempts to becloud the undisputable facts of his conversion have forced me to reach the conclusion that he has no conception of honest principles. I fail to find a single sincere, redeeming or apologetic feature advanced by him in extenuation of his conduct. He appears to be unable to understand that ·his pretext for stopping payment of Berman's check in no way authorized him to spend the money."

The respondent has clearly shown that he is not entitled to remain a member of an honorable profession.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, GLENNON, UNTERMYER and DORE, JJ.

Respondent disbarred.